UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BMO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> SAMMAN BROTHERS TRANSPORT LLC and RAMI SAMMAN, <br><br> Defendants. | Case No. 24-cv-11381 <br><br> Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

BMO Bank N.A. entered into two Loan and Security Agreements with Samman Brothers Transport LLC ("SBT") and Rami Samman in July and December 2019. (ECF No. 1; *see also* ECF No. 14-2, PageID.80-84, 86-90). BMO Bank agreed to finance SBT's purchases of commercial tractors, SBT agreed to make monthly payments according to the agreements' terms, and Samman agreed to guarantee SBT's repayment. (ECF No. 14-2, PageID.110-11). BMO Bank commenced this action after defendants failed to make payments as they became due. (ECF No. 1). The Clerk of the Court entered default against defendants after they failed to appear, plead, or otherwise defend this action. (ECF No. 13).

BMO Bank now moves for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 14). Defendants again failed to respond or otherwise appear or attempt to set aside the default entered against them. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). After reviewing the complaint, the unopposed motion for default judgment, the attached declarations and exhibits, and the filings of record, the Court finds that:

1. BMO Bank commenced this action against SBT and Samman on May 24, 2024. (ECF No. 1).

2. BMO Bank served defendants with copies of the summons and complaint on August 5, 2024. (ECF Nos. 8-9).

3. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1332. According to the complaint, the amount in controversy exceeds $75,000 (ECF No. 1, PageID.2, ¶ 4); Samman is a citizen of Michigan (*id.*, PageID.1, ¶ 3); SBT is a single-member limited liability company whose sole member is Samman (*id.*, ¶ 2), *i.e.*, SBT is a citizen of Michigan, *see Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members."); and BMO Bank, a national

banking association, is a citizen of Illinois, where its main office is located (*id.*, ¶ 1); *see* 28 U.S.C. § 1348.

4. The Court has personal jurisdiction over defendants under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-60 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018, 2024 U.S. Dist. LEXIS 186401, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). Samman was present and domiciled in Michigan when he received service of process, Mich. Comp. Laws § 600.701, and the Court is satisfied that Samman formed SBT under Michigan law and "carr[ies] on a continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.731.

5. Defendants failed to timely answer the complaint, and the Clerk entered default against them on October 16, 2024. (ECF No. 13).

6. The default concedes the truth of the complaint's allegations as to defendants' liability on all the counts asserted against them. Fed. R. Civ. P. 8(b)(6); *see also Jones v. Pekoske*, No. 21-1061, 2021 U.S. App. LEXIS 36223, at *5-6

3

(6th Cir. Dec. 7, 2021).  A formal evidentiary hearing is not necessary to determine the amount of damages assessed in a default judgment "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Ayers v. Receivables Performance Mgmt., L.L.C.*, No 15-12082, 2016 U.S. Dist. LEXIS 132875, at *9 (E.D. Mich. Sept. 28, 2016); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).  As set forth below, such ascertainable damages have been adequately established in the motion for default judgment.

7. According to the complaint, BMO Bank and SBT entered into the following agreements and Samman guaranteed SBT's performance thereunder:

    a. Loan and Security Agreement dated July 18, 2019, executed by BMO Bank, as lender, and SBT (ECF No. 14-2, PageID.76, ¶¶ 7-9; *see also* PageID.80-84);

    b. Loan and Security Agreement dated December 17, 2019, executed by BMO Bank, as lender, and SBT (*Id.*, PageID.76-77, ¶¶ 10-12; *see also* PageID.86-90).

    c. Continuing Guaranty dated July 18, 2019, executed between BMO Bank and Samman, as guarantor (*Id.*, PageID.110).

    d. Continuing Guaranty dated December 17, 2019, executed between

BMO Bank and Samman, as guarantor (*Id.*, PageID.111).

8. BMO Bank and SBT entered into three Modification Agreements dated March 25, 2020, March 12, 2021, and December 23, 2022. The Modification Agreements altered the payment schedules under the Loan and Security Agreements. (*Id.*, PageID.92-108).

9. Defendants are in default under the agreements and the guaranties for failure to make payments thereunder when such payments became due.

10. The complaint alleges the following claims for relief against defendants: money damages against defendants for the amounts due and owing under the respective agreements and guaranties, an order of possession for all units of the collateral, specific performance against SBT requiring it to surrender possession of the collateral, and injunctive relief necessary to enforce an order of possession and specific performance. (ECF No. 1, PageID.4-6).

11. BMO Bank's monetary damages constitute a sum certain that may be calculated by reference to the applicable contracts and BMO Bank's supporting declarations and other documentation.

12. Pursuant to the agreements' terms and the Uniform Commercial Code, the secured creditor's right to enforce the debt by proceeding for judgment and to exercise rights with respect to the collateral are cumulative and may be

5

exercised simultaneously. *See* 810 Ill. Comp. Stat. Ann. 5/9-601(c); *accord* Mich. Comp. Laws § 440.9601(3).

Based on these findings, it is hereby,

ORDERED that BMO Bank's motion for default judgment (ECF No. 14) is granted.

IT IS FURTHER ORDERED that judgment is entered for money damages in favor of BMO Bank and against SBT and Samman, jointly and severally, in the amount of $344,002.10 as of April 24, 2024, with interest accruing thereon in the amount of $154.55 *per diem*.

IT IS FURTHER ORDERED that BMO Bank is entitled to possession of the following equipment as collateral:

| Year | Manufacturer | Model | Description | Serial Number |
| --- | --- | --- | --- | --- |
| 2020 | FREIGHTLINER | PT126SLP | PT126SLP | 3AKJHHDR8LSLT2059 |
| 2020 | FREIGHTLINER | PT126SLP | PT126SLP | 1FUJHHDR1LLMD3600 |
| 2020 | FREIGHTLINER | PT126SLP | PT126SLP | 1FUJHHDR8LLLY5985 |

IT IS FURTHER ORDERED that BMO Bank shall credit the net proceeds of any disposition of the "Collateral" (as defined in the complaint) to the judgment

6

amount set forth above in a manner consistent with the "Agreements" (as defined in the complaint). Defendants shall remain liable for money damages up to the amount of any deficiency remaining after such disposition(s).

IT IS FURTHER ORDERED that this is a final order, the terms of which are effective immediately.

Dated: May 2, 2025                                         s/ Robert J. White
                                                                                          Robert J. White
                                                                                          United States District Judge